# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHARON TASKER,**
**Complainant Below, Petitioner**

**FILED**
**September 26, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-83**          (Admin. Proc. No. 22-IC-02378)

**AGENCY INSURANCE COMPANY,**
**Respondent Below, Respondent**

**and**

**ALLAN L. MCVEY,**
**INSURANCE COMMISSIONER OF**
**THE STATE OF WEST VIRGINIA,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Sharon Tasker appeals the January 11, 2023, order from respondent Allan L. McVey, in his official capacity as the West Virginia Insurance Commissioner ("Commissioner"), denying Ms. Tasker's request for a hearing on her third-party administrative complaint ("complaint") against respondent Agency Insurance Company ("Agency Insurance"). In her complaint, Ms. Tasker contested Agency Insurance's denial of her claim based upon its determination that she was liable for a motor vehicle accident involving an Agency Insurance insured. Agency Insurance and the Commissioner each filed a response.[1] Ms. Tasker did not file a reply. The issue on appeal is whether the Commissioner erred in denying Ms. Tasker's request for a hearing.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Commissioner's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a motor vehicle accident in Berkeley County, West Virginia on December 16, 2021, involving a vehicle driven by Ms. Tasker and a second vehicle.

---

[1] Sharon Tasker is self-represented. Agency Insurance Company is represented by Brent K. Kesner, Esq., and Ernest G. Hentschel II, Esq. The Commissioner is represented by Larry M. Bonham, Esq.

1

The second vehicle and its driver, Ms. Feiser, were insured by an Agency Insurance policy. The accident was investigated by a deputy with the local sheriff's department. As part of the investigation, the deputy completed a Uniform Traffic Crash Report ("report"). According to the Report, the deputy attributed fault to Ms. Feiser, who allegedly ran a red light, and collided with Ms. Tasker, causing damages. The deputy made this finding based upon the written statement of a witness, Mr. Macafoy. However, the report failed to contain any contact information for this witness.

Following the accident, Ms. Tasker filed a claim with Agency Insurance seeking coverage for the damage to her vehicle and medical expenses related to the accident. Thereafter, Agency Insurance began its investigation into the facts of the accident. Due to the lack of contact information, Mr. Macafoy could not be located. Agency Insurance was also unable to contact Ms. Feiser's passenger from the day of the incident, and Ms. Feiser had no recollection of the accident due to being rendered unconscious in the collision. However, Agency Insurance was able to locate and speak with another eyewitness, Ms. Fox. According to Ms. Fox, the deputy's report was incorrect in that, it was Ms. Tasker who ran a red light at a high rate of speed and collided with Ms. Feiser's vehicle. Additionally, Agency Insurance spoke with Ms. Tasker who claimed that Ms. Feiser had run a red light, striking her vehicle at a high rate of speed.

Based upon its investigation, by letter dated December 1, 2022, Agency Insurance notified Ms. Tasker that it was denying her claim because its investigation indicated that she was the proximate cause of the accident and damages sustained. Thereafter, Ms. Tasker's insurer accepted liability for the incident and the bodily injury claim of Ms. Feiser and her passenger.

On June 10, 2022, Ms. Tasker filed her complaint against Agency Insurance with the Offices of the Insurance Commissioner ("OIC"). In her complaint, Ms. Tasker disputed Agency Insurance's finding of liability against her and its denial of her claim. By letter dated July 11, 2022, Ms. Tasker was notified by the OIC that it had received her complaint and would be investigating the same. Included in this letter was the following paragraph, in part:

> Please note that an assessment of your administrative complaint by this agency is for the sole purpose of determining whether Agency Insurance Company committed an unfair claims settlement practice while handling your insurance claim. While this agency has the authority to order an insurer to cease and desist from engaging in an unfair claim settlement practice, it does not have the authority to determine and order payment of any damages you may have incurred in connection with the underlying incident that gave rise to the need to file an insurance claim in the first place.

Following its investigation and review of the complaint, the OIC determined that Agency Insurance did not violate state insurance laws or commit an unfair claims handling or settlement practice in its administration of Ms. Tasker's claim. The OIC informed Ms. Tasker of its determination by letter dated November 22, 2022, wherein it noted:

> Your complaint was reviewed by this agency solely to determine whether Agency Insurance Company violated state insurance laws and/or committed an unfair claims settlement practice in the handling of your third-party claim. The Insurance Commission does not have the authority, and it is not the proper forum, to adjudicate a good faith disagreement regarding liability of your claim. Our review of this matter revealed that Agency Insurance Company conducted a reasonable investigation into your claim and, based on the facts gathered, determined that its insured was not negligent. Accordingly, your claim was denied. I understand that you likely disagree with Agency Insurance Company's decision in regard to your claim. However, W. Va. Code § 33-11-4a(g) [(2005)] states that "[a] good faith disagreement over the value of an action or claim or the liability of any party to any action or claim is not an unfair claims settlement practice." We have concluded that your complaint involves a good faith disagreement regarding liability in regard to your claim and not an unfair claims settlement practice.

Because the OIC determined that Agency Insurance did not violate state insurance laws or commit an unfair claims settlement practice regarding Ms. Tasker's claim, the OIC closed the complaint without further hearing.

On December 14, 2022, Ms. Tasker filed her hearing request with the Commissioner seeking to have her complaint heard on the merits. On January 11, 2023, the Commissioner entered an order denying Ms. Tasker's request for a hearing. In this order, the Commissioner again explained that Ms. Tasker's complaint was not based on allegations of unfair settlement practices by Agency Insurance, but rather, she sought to have the Commissioner rule on the merits of liability for the accident and to direct Agency Insurance to pay her claim for damages. Citing West Virginia Code § 33-11-4a (2005), the Commissioner noted that his authority was limited to resolving complaints regarding unfair claims settlement practices, and that he did not have the statutory authority to order an insurance company to pay a third-party claimant's damages.[2] For that reason, the order concluded that neither the Commissioner, nor the OIC had the authority to adjudicate the claims raised by Ms. Tasker.

---

[2] In general, West Virginia Code § 33-11-4a(a) states that a third-party claimant's sole remedy for an unfair claims settlement practice or bad faith settlement of a claim is the filing of an administrative complaint with the Commissioner. *See also* W. Va. Code § 33-11-4(9) (2002) (defining the term "unfair claim settlement practices").

The January 11, 2023, order further found that pursuant to West Virginia Code § 33-2-13 (1957) and West Virginia Code of State Rules § 114-13-3.3 (2003), the Commissioner has discretion to grant or refuse a hearing request.[3] Therefore, due to the lack of statutory authority to rule on the issues raised in Ms. Tasker's complaint, the Commissioner exercised his discretion and denied the hearing request. It is from this order that Ms. Tasker now appeals.

Our review of this matter is governed by the State Administrative Procedures Act, and it provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021).

On appeal, Ms. Tasker argues that had the Commissioner heard her case on the merits, it would have been determined that Agency Insurance erred in its assignment of liability for the motor vehicle accident, and that, as a result, would have found her claim

---

[3] West Virginia Code § 33-2-13 states, in part, "the commissioner may call and hold hearings for any purpose deemed necessary by him for the performance of his duties." Pursuant to West Virginia Code of State Rules § 114-13-3.3:

> When the commissioner is presented with a demand for a hearing . . . he or she shall conduct a hearing[.] However, if the commissioner shall determine that the hearing . . . [w]ould involve an exercise of authority in excess of that available to him or her under law; or . . . [w]ould serve no useful purpose, the commissioner shall . . . enter an order refusing to grant the hearing as requested, incorporating therein his or her reasons for such refusal.

compensable.[4] We disagree, and find that the Commissioner lacked authority to adjudicate the issues of liability and payment raised by Ms. Tasker in her complaint.

The complaint is governed by the Unfair Trade Practices Act ("Act"), West Virginia Code §§ 33-11-1 to -10. The Act provides for the Commissioner's review of third-party complaints alleging unfair claims settlement practices. *See* W. Va. Code § 33-11-4a. However, as the Commissioner properly concluded, West Virginia Code § 33-11-4a(g) expressly states that a good faith dispute over the liability or value of a claim does not constitute an unfair claims settlement practice. In this case, Ms. Tasker disputes Agency Insurance's determination that she was liable for the motor vehicle accident when it denied her claim. Nothing in her complaint alleged an unfair claims settlement practice by Agency Insurance. As such, we conclude that Ms. Tasker's complaint was clearly framed as a good faith disagreement between Ms. Tasker and Agency Insurance over liability and the value of her claim. Therefore, we find that the Commissioner did not err in finding it lacked jurisdiction and that the OIC was the improper forum for Ms. Tasker to litigate this dispute.

We further find that the Commissioner did not err in denying Ms. Tasker's request for a hearing on the merits of her complaint. Both West Virginia Code § 33-2-13 and West Virginia Code of State Rules § 114-13-3.3 grant the Commissioner discretionary authority in deciding whether to grant or deny hearing requests. In this case, it was determined that a ruling on Ms. Tasker's complaint would exceed the Commissioner's statutory authority, and, thus, the hearing would serve no useful purpose. Critically, these bases are expressly permitted by Rule as grounds upon which the Commissioner may deny a hearing request. *See* W. Va. Code R. § 114-13-3.3. Further, our state's highest court has previously found that the Commissioner is not required to grant a hearing on every complaint. *See Lightner v. Riley*, 233 W. Va. 573, 579-583, 760 S.E.2d 142, 148-152 (2014) (noting West Virginia Code § 33-2-13 and West Virginia Code of State Rules § 114-13.3 give the Commissioner discretion to deny hearing requests). As previously established, Ms. Tasker's complaint was based solely on issues outside the purview of the Commissioner's statutory authority. Therefore, we find that the Commissioner correctly determined a hearing in the matter would serve no useful purpose.

Accordingly, we find no error and affirm the Commissioner's January 11, 2023, denial of Ms. Tasker's request for a hearing on her complaint.

Affirmed.

---

[4] Ms. Tasker's appeal also seeks for this Court to rule on the merits of Agency Insurance's liability determination. We decline to do so. That is a determination first reserved for a trial court. As an appellate court, our review is limited to the order on appeal. In this case, because the order on appeal is not from a trial court, we do not have jurisdiction to consider the merits of that argument in this appeal.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen